The first case is Zuvich v. City of Los Angeles. Good morning, your honors. May it please the court. My name is Samantha Parrish, and I, along with my colleague Ryan Gardner, represent appellate Ms. Carol-lee Zuvich in this matter. I will be addressing the statute of limitations issue, and my colleague will be discussing the merits of her claim. With the permission of this court, I would like to reserve two minutes for rebuttal. Yeah, you'll need to monitor yourself. So how long are you going to take? Approximately four minutes. OK. Thank you. Facial First Amendment challenges serve the public interest by allowing individuals like Ms. Zuvich to vindicate the rights of others who have either had their speech chilled or have been punished for speaking. The city cannot be allowed to infringe on free speech activity simply by having an unconstitutional ordinance remain on the books for the requisite limitation period, and thereafter, insulating it from judicial review. The district court- Nonetheless, Wilson v. Garcia, right out of the Supreme Court, says a specific statute of limitations governing 1983 actions is applicable to 1983 actions and were to adopt a local time limitation. Owens v. Ocher, again, statute of limitations must be applied in all 1983 claims. Courts considering the 1983 claims should borrow the state statute. That's correct, Your Honor. Those cases also require that we draw the forum state's equitable tolling provisions as well. OK. So are you going to go right to equitable tolling? The tolling provisions that we would draw from California's use of the continuing wrongs principle is most applicable in this particular case. I'm sorry, the continuing- The continuing wrongs principles. Closely related to continuing- Why are you going to answer the question? A continual violation is occasioned by continual unlawful acts. That's correct, Your Honor. Not continual ill effects. That's correct, Your Honor. So it seems to me that there are no continual unlawful acts. The unlawful acts you suggest here are acts on specific times, at specific places, even admitting that she knew about the problem or about the enactment. So I guess I don't know why continual violation even has any effect. California courts have used this principle of continuing violations, continuing wrongs, in a variety of cases. Most on point would be its use in Howard Jarvis tax versus taxpayers, in which the city implemented an illegal tax ordinance. The court there found that the subsequent imposition of the ordinance and collection of the tax constituted renewed violations upon which the statute of limitations began to affect- If we take your particular situation, she violated twice, August 4 and August 9. Those are the only violations in the record. Respectfully, Your Honor, the injury, the violations that Ms. Zubich suffered were additionally to her free speech and the self-censorship that she had to undertake in order to deal with unconstitutional provisions of the ordinance. Why isn't the correct rule that the statute of limitations is marked from the time that you're aware of the problem? That avoids a flat rule that has been adopted in the takings cases, that is, the statute of limitations begins to run from the time of enactment. So it avoids the harsh reality of that rule and gives us some flexibility. But that rule doesn't help you. Why isn't that the correct rule? That may be the correct rule. However, that only applies in the context as what we have in action apartments when there is, as Your Honor said, a single measurable violation. In the First Amendment context, we have ongoing violations. As in Scheer v. Kelly, this Court stated, laws violating the First Amendment place an ongoing chill upon speech, which is felt when individuals contemplate communication. Right. But does that mean that she just gets to bring it for whenever she feels like bringing it? If she knows what the problem is and she waits more than two years, why doesn't that bar her suit? It is the subsequent violations of her First Amendment rights that restart the statute of limitations under the continuing wrongs principles and keep her claim from being time barred. Well, you didn't suggest that either one of you or your partner were going to address this issue. Why isn't this facial challenge moot? Your Honor, just because the ordinance has been repealed. The ordinance was subsequent to the district court's decision, the ordinance was repealed. It was replaced in its entirety. The new ordinance does not contain any of the provisions with which your client takes issue. Scraps the PI zone, I zone. No inextricably intertwined. I can't say that too well. Standard. Yes, Your Honor. So it seems to me desert outdoor advertising controls. In Bell versus City of Boise, the court stated that repealing provisions or ordinance at this level of local government lacks a needed level of permanency. And given the history of the city's repealing and reacting this version and other versions of the ordinance, this case is not moot. And we are still seeking damages. Because you're worried that the city is going to come back and reenact the old statute? Yes, or provisions of the unconstitution. Why would that be? Why is that a realistic possibility? Because given their history in enacting and reenacting multiple versions. That would suggest some bad faith on the part of the city, right? Possibly, Your Honor. That doesn't really look, that's not really supported by the record. I mean, the idea of the city sort of changing its ordinance to avoid enforcement or challenges in this court doesn't really look like the problem. What it really looks like is that the city has been trying to adapt to a difficult situation, which it's adopted a number of different measures and refined them over the years in an effort to satisfy the courts, not to avoid court review. Yes, Your Honor. Nonetheless, this is not moot because we are seeking damages. And with the permission of this court. What damage are you seeking? I read your complaint. It seems to me that only you try to strike down the 2008 ordinance is unconstitutional. That's correct. That's not damages. All you want to do is get rid of the ordinance. It's already gone. That's incorrect, Your Honor. But if this court will allow, my colleague will discuss the merits of the claim. Sure. Thank you, Ms. Parrish. May it please the court, my name is Ryan Gardner and I will be addressing the merits of Ms. Zubich's claim. In Berger, this court reaffirmed the principle that single speaker permits are highly disfavored by the First Amendment. And in Berger, this court made clear that an ordinance is not narrowly tailored if it is overbroad, if it only marginally advances the government's interests, and if there are less intrusive means available. Here, the 2008 ordinance fails all three of these standards. It is overbroad in that it places onerous procedural hurdles on anybody wishing to speak at the boardwalk. Not only- Oh, what hurdles does it place for people who want to speak? In order to get a peasant or iZone permit, you must- Well, that's different. You want a table. Nobody prohibits anybody from speaking. At the heart of the boardwalk, you are not allowed to speak outside of- sorry, Your Honors. I think the real problem is you don't get to speak from a table. If you want to- Or you can't charge for your allowing yourself to speak. Those are the things that you're really challenging. You can sell things. You can wander up and down. You just can't stop and post a table that's going to impede traffic. But setting up a table is a protected act under the First Amendment. Setting up a table is a protected act under the First Amendment? Under the ACLU case, yes, Your Honor. And going back to the procedural hurdles, you not only have to- And so does the First Amendment require us to set up an unlimited number of tables? No, Your Honor. I see that my time has expired. I'd like you to answer the question. Could you repeat the question, please? Yeah, so does the First Amendment then require that the city allow us to set up an unlimited number of tables in public areas? No, Your Honor. OK, so then the First Amendment must be a more bounded principle. Is there a time, place, and manner restriction there? There is a time, place, and manner restriction, but this one goes too far because it requires you not only to fill out an application, but you have to then wait and then be physically present at a lottery every week just to have a chance to have one of the P-zone or I-zone spots. And with that, I'd like to reserve the rest of our time for rebuttal. OK. Thank you, Mr. Gardner. May it please the Court, Deborah Fox of Myers Nave for the appellee, the city of Los Angeles. There are two major principles of federal jurisprudence that support an affirmance in full of Judge Pragerson's decision here. They are the statute of limitations under Section 1983 and Article III standing. If I might first start with the statute of limitations. What about moot? That's another basis, Your Honor. That was not originally argued in the opening brief, but again, that is an additional basis. Well, since it's a jurisdictional determination this Court has to make, what do you want to say about it? Thank you, Your Honor. What I want to say about mootness is that the 2008 ordinance was amended and replaced in December of 2011. There is no evidence in the record of any potential action by the city to reenact the provisions of the 2008 ordinance. That would sort of solve the problem of the plaintiff seeking an injunction. Aren't they looking for damages as well? Apparently, their underlying complaint did include a claim from damages. So how are the damages moot? The damages would not be moot in this particular instance. The ordinance in its entirety, that cause of action and claim would be moot. It's only moot as to the injunction. That is correct. If I might, on the issue of mootness. What damages do they seek? Your Honor. My worry is, are there any damages sought at all? Your Honor, we put that forward as well in our motion for summary judgment, that there were not any indeed damages that were solid and not hypothetical and that were caused by the resulting actions of the city in its enforcement of the 2008 boardwalk ordinance. In this particular case, Ms. Zubich had at issue a couple of parking tickets she had received. Those were not related to the 2008 boardwalk ordinance. All right. Thank you. If I might offer some comments on the statute of limitations. In this instance, we know that Ms. Zubich knew or should have known of her injury, and she admits this at the adoption in 2008 of the ordinance along with its impact. She concedes this in the response to the city's uncontroverted fact number three. Judge Pragerson cites it in his order. The uncontroverted fact number three. I kind of understand where you're going. What do I do with our case, Maldonado? Maldonado just said, at that point in time, it was three years before action of properties. Well, didn't it say in Maldonado that we join the Fourth Circuit in expressing serious doubts that this could have a statute of limitations as relates to a facial challenge for free speech? It certainly did say that. It said, we don't take this issue up, and there isn't any clear direction in the circuit. Then we have clear direction in the circuit that is provided by not only this court in Action Apartments versus Santa Monica, but in the Scheer versus Kelly decision that was just rendered this past April. There, this court said and reaffirmed the touchstone for determining when a cause of action accrues is when the plaintiff knew or should have known of the injury. And here, Ms. Zuvich concedes she knew of the injury in the adoption of April of 2008. Moreover, this argument about a continuing violation, what is urged here in this particular instance is no statute of limitations, that every day is a new violation. That is eradicating the statute of limitations. This is not a case where you have an ordinance on the book for a couple of decades that is then challenged as constitutionally infirm. This would be a much different case if perhaps Magic Mike from the Berger versus Seattle came down from Seattle, Oregon, came down in May of 2016, and supposing the 2008 boardwalk ordinance was still in effect, and he said this ordinance is unconstitutional on his face. In that particular instance, then I believe as well, we would have some arguments about what point in time he knew or should have known. And the statute would not be immunized. But in this particular case, on these facts, when Ms. Zuvich acknowledges she knew or should have known, indeed the statute starts and accrues at that point in time and expired two years in April of 2010. What do I do with the applied challenge? The applied challenge that are made here are as to the I-zone. And in that particular... And the two citations and a specific challenge to the donations only sign. Thank you, Your Honor. On the challenge to the I-zone, Ms. Zuvich does not have any standing under the Long Beach Area Peace Network case. She has not shown ever a palpable injury for the I-zone. She's shown no indication she ever wanted to vend, ever applied to vend in the I-zone. She has no concrete plan to do so. One cannot just claim self-censorship without the elements in play of standing in order to raise a challenge in that particular situation. What about the donations only zone sign? The donation placard sign that was required in the P-zone was never argued and has been waived below. It was not argued below before Judge Pragerson. It was not argued in any of the opening briefs and it has been waived. In any event, if the court finds a way that Ms. Zuvich can avoid the effects of that waiver, this is not a regulation on speech. It is a placement solely of a sign and there's no judging of what speech occurs. If the sign is there and money is transacted, that's all that needs to be determined. There were some arguments this morning that Berger somehow invalidates this provision. Of course, Berger is qualitatively and quantitatively different than the situation we have here. This is a space allocation system. It is not a first come system that requires you obtain a permit before you must speak. It was to balance the space allocations and the significant governmental interests that were at play at this limited space, the one mile stretch of the boardwalk. Setting up tables is not a protected activity. One World versus City of Honolulu explains that and the serious interest in public safety and the visual integrity of the beautiful coast, et cetera, for this limited space. I would also add, moving back to the continuing violation issue, that the case of Knox versus Davis,  there you remember Ms. Knox was a public defender. She had defended what soon became her husband that she married. Ultimately, she was denied privileges to obtain mail and visitation. She claimed that when that was denied to her husband, that was an initial violation and then every other inmate that she represented was an additional violation. The court rejected that and said those other actions were impacts, impacts from the original denial. That same analysis would be equally applicable here. Ms. Zuvich doesn't get to re-up forever her challenges. She needs to bring them timely. She failed to do so and they are time-barred here. Thank you. I have no other questions, Judge. Anything further, counsel? Nothing further. I think the judgment by Judge Pragerson below should be affirmed in full. Thank you, Ms. Fox. A little rebuttal? Your Honor, just a couple quick points on rebuttal. With regards to the damages that Your Honor is referencing, the damages were properly brought at the district court level. The injuries that she suffered towards her economic loss, she was required to alter her speech and attend unlawful lotteries in order to obtain a permit. All of these are part of her damages claims for her as-applied. Which her as-applied are in reference to her peace zone activity. That's as-applied, but where are your damage for facial challenge? Well, there, Your Honor, we concede that there would be no damages outside of the statute of limitations. The damages would only be the conduct that falls within the statute of limitations. However, the injunctive relief should be viable to plaintiffs who are seeking to challenge basically unconstitutional ordinance. How do you do that when you're trying to get, when the opposition would suggest that this is moot because they've amended everything and it isn't even the way you're now challenging it. And the only thing you can do on your injunctive relief is get rid of the 2008 ordinance, which is already gone. As stated before in Bell v. City of Boise, that court stated that regardless of the city's repealing an ordinance or provision, this court can still determine the legitimacy of the ordinance because of the lack of permanency at this local level of government. Thank you. Thank you, Your Honors. Thank you. Thank you, Ms. Parrish. Ms. Parrish and Mr. Gardner, thank you very much for, we recognize Pepperdine and Mr. Rosen for helping us with this case. The case is submitted.
judges: Bybee, N.R. Smith, Stein